OPINION
{¶ 1} Lee T. Moye appeals from his conviction for felonious assault with a gun specification following a jury trial. He assigns two errors for our consideration. The state of Ohio has conceded the second error:
 {¶ 2} "ASSIGNMENT OF ERROR I
 {¶ 3} "The trial court commits reversible error, and violated Appellant's due process rights under Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, by preventing defense counsel from questioning a state witness about different versions of an alleged eyewitness' statements to the police, even though the alleged eyewitness confirmed his first two statements to the police were lies; and when the trial court prevents the cross examination of a state witness on her prior inconsistent statement.
 {¶ 4} "ASSIGNMENT OF ERROR II
 {¶ 5} "An accused's due process rights are violated under Section 10, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in giving Appellant consecutive sentences without properly considering the factors set forth in Ohio Revised Code §§ 2929.12, 2929.14(C) and 2929.19(B)(2)(d)."
 {¶ 6} On March 22, 2000, someone shot Charles Wilson. Charles died about one week later, so he was unavailable to testify about who shot him. Don'tai Rheubottom and Lee T. Moye were present when Charles was shot or were at least nearby. Don'tai told the police three very different versions of what happened at the time of the shooting. The last version indicated that Lee T. Moye was the shooter.
 {¶ 7} Denise Rheubottom, the mother of Don'tai and the girlfriend of Charles Wilson, testified that Charles Wilson had told her that Lee Moye had been the person who shot him. A police summary of Denise's statement to Columbus Police Detective Kathie Clark did not include this information, although Detective Clark testified that Denise had told her about Charles Wilson's claim regarding the identity of the person who shot him.
 {¶ 8} At trial, Don'tai was questioned extensively about his inconsistent version of the facts. On direct examination, he acknowledged that he lied to police at first. He claimed that he lied out of loyalty to Lee Moye and out of a desire to stay out of the middle of the controversy. He said he later told the truth, because his conscience was bothering him and because his mother was nagging him.
 {¶ 9} On cross-examination, Don'tai acknowledged again that he had lied to police on the night of the shooting. On a second occasion, he talked to police on the telephone, but still denied knowledge of the shooting. The third interview Don'tai testified was the time he told police the truth.
 {¶ 10} Don'tai claimed to police initially that he was in the bathroom when he heard gunshots. When he emerged from the bathroom, he saw Charles lying by his (Charles's) car. This version was what Don'tai maintained until he began claiming Lee Moye shot Charles Wilson in Don'tai's presence.
 {¶ 11} Given the extensive questioning of Don'tai about the fact he lied to police and about the content of the two versions of the facts, the trial court was well within its discretion to refuse further repetition of this testimony.
 {¶ 12} The second issue contained in the first assignment of error is the alleged curtailment of cross-examination of Denise Rheubottom about the allegation that Charles Wilson had claimed Lee Moye was the person who shot him. Denise testified over objection that when she was summoned to The Ohio State University Hospitals to see Charles Wilson, she asked Charles what had happened and Charles stated that Lee Moye had shot him.
 {¶ 13} On cross-examination, defense counsel attempted to elicit the fact that a police summary included an allegation Don'tai had told Denise, his mother, that Lee shot Charles, but the summary made no mention that Denise claimed Charles had also told her. Denise claimed that she told police before she even talked to Charles that she was pretty sure Lee shot Charles. She claimed that she told police the same after she talked to Charles. She repeated her impression a third time when she talked to Detective Clark, a few days later.
 {¶ 14} Detective Clark was questioned at some length about her interview with Denise. Detective Clark was given a copy of a summary of one interview which did not include the allegation about Charles Wilson identifying his assailant to Denise. However, Detective Clark claimed she had documented the accusation elsewhere.
 {¶ 15} Under the circumstances, the issue of the absence of the accusation in the one policy summary was adequately explored. The failure of the trial court to allow Denise to be questioned about why one policy summary did not contain the accusation could not have prejudiced Lee Moye.
 {¶ 16} The first assignment of error is overruled.
 {¶ 17} As indicated above, the state of Ohio has conceded error with respect to the second assignment of error. As a result, the judgment of the conviction entered by the trial court is affirmed, but the sentence imposed is vacated, and the case is remanded for new sentencing proceedings.
Judgment of conviction affirmed; sentence vacated and cause remanded.
DESHLER and BROWN, JJ., concur.